### In re SCHILLING et al.

(Circuit Court of Appeals, Second Circuit.   October 25, 1892.)

1. CUSTOMS DUTIES— CONSTRUCTION OF STATUTE—DECLARATIONS OF CONGRESSIONAL COMMITTEES—SWEETENED CHOCOLATE.

The official statements of members of the conference committees on the tariff act of 1890 (26 St. at Large, p. 567) that by a clerical mistake paragraph 318 of Schedule G was made to read, "Chocolate, (other than chocolate confectionery, and chocolate commercially known as 'sweetened chocolate,') two cents per pound;" but that the parenthesis should have ended after "confectionery," although supported by the history of the bill and its amendments, the attention of congress having been called to the mistake, and no action taken, do not authorize the courts, when construing the statute, to change the punctuation actually made, in the absence of other evidence that the intent of the statute required such change.

2. SAME—CLASSIFICATION—SWEETENED CHOCOLATE.

The article commercially known as "sweetened chocolate" is not dutiable at 50 per cent. ad valorem as chocolate confectionery, under paragraph 239, Schedule E, of the tariff act of 1890, (26 St. at Large, p. 567,) nor as similar thereto, under the similitude section, nor at two cents per pound, under paragraph 318 of Schedule G, but should be classed as "cocoa, manufactured, not specially provided for," under paragraph 319 of Schedule G, dutiable at two cents per pound.   48 Fed. Rep. 547, affirmed.

Appeal from the Circuit Court of the United States for the Southern District of New York.   Affirmed.

Edward Mitchell, U. S. Atty., and Henry C. Platt, Asst. U. S. Atty., for appellant.

W. Wickham Smith, for appellee.

Before WALLACE and SHIPMAN, Circuit Judges.

SHIPMAN, Circuit Judge. This is an appeal by the United States from a decree of the circuit court for the southern district of New York, (see 48 Fed. Rep. 547,) which reversed the decision of the board of United States general appraisers upon the rate of duty properly to be assessed upon importations of sweetened chocolate, under the tariff act of October 1, 1890, (26 St. at Large, p. 567.) The importations were made in October and December, 1890. "Cocoa, crude," or the cocoa bean, is upon the free list. Chocolate is the cocoa bean roasted, cracked, shelled, crushed, ground, and molded in cakes of about half a pound each. It contains no sugar, and is of general use in families. Sweetened chocolate, an article which is well known by that commercial name, is manufactured in the same way from the cocoa bean, but the paste is mixed with sugar, and it is principally used by confectioners to make chocolate confectionery. It is made in various sizes, from ten-pound cakes to wafers. A part of the importations in question was in ten-pound cakes, and the remainder was in small cakes of about two inches in length by one inch in width, and covered with papers of various colors. The article called in commerce "prepared cocoa" is made from cocoa beans, which are roasted, shelled, and ground into a liquid condition. In this state it is put through a hydraulic press, where the butter is pressed out, and it becomes a powder. Paragraph 238 of Schedule E of the act of October 1, 1890, places a duty of five cents per pound upon sugar candy and all confectionery, including chocolate confectionery, made wholly or in part of sugar of a specified value. Paragraph 239 places a duty of 50 per cent. ad valorem upon all other confectionery, including chocolate confectionery, not specially provided for in the act. The collector assessed a duty upon the importations of 50 per cent. ad valorem, under paragraph 239 and the similitude section, upon the ground that the merchandise assimilated in material, quality, and the use to which it may be applied to chocolate confectionery. The importers protested, claiming that the article was dutiable at two cents per pound, either under paragraph 318 or paragraph 319 of Schedule G of the same act. Paragraph 318 reads as follows: "Chocolate, (other than chocolate confectionery, and chocolate commercially known as 'sweetened chocolate,') two cents per pound." Paragraph 319 is as follows: "Cocoa, prepared or manufactured, not specially provided for in this act, two cents per pound." The board of general appraisers, being of opinion that paragraph 318 was improperly punctuated, that the parenthesis should end at the word "confectionery," and that punctuation was no part of a statute, reversed the action of the collector, and adjudged that the article was dutiable at two cents per pound under paragraph 318. The circuit court reversed the decision of the board of appraisers, and adjudged that

the article should have been classified for duty under paragraph 319.

It cannot safely be contended that the importations were chocolate confectionery. The two articles differ from each other in fact and in commercial designation, and, while sweetened chocolate in the form of wafers or sticks may often be used as a confection, it is a different thing from chocolate confectionery, which is sweetened chocolate mixed with cream or fruits, or covered with sugar or other flavoring material. Neither can the similitude section be resorted to if the article was enumerated in the existing tariff acts, either by specific or general designation. The question of interest in the case is whether the parenthetical punctuation of paragraph 318 can be so disregarded that the sentence can be construed as follows: "Chocolate, (other than chocolate confectionery,) and chocolate commercially known as 'sweetened chocolate,' two cents per pound." The legislative history of this paragraph seems to be that, as it passed the house of representatives, it was in the following form: "Chocolate, other than chocolate confectionery, and chocolate commercially known as 'sweetened chocolate,' three cents per pound." As it passed the senate it was in the following language: "Chocolate, two cents per pound." As reported to the two houses by the conference committees, and as passed by congress, the paragraph was in the form in which it is now printed. It was subsequently officially, and, no doubt, truthfully, stated by members of each branch of the committees of conference, that the clerks of the two committees, in preparing the report, made a mistake by ending the parenthesis in the wrong place. The error has not been corrected by congress, although the subject has received its attention.

It is truly said that punctuation is no part of a statute, and that, therefore, punctuation can be changed in accordance with the obvious intent of the legislature; and it is also said that the inclosing a portion of a sentence in brackets is simply punctuation. A "parenthesis" is defined to be "an explanatory or qualifying clause, sentence, or paragraph inserted in another sentence, or in the course of a longer passage, without being grammatically connected with it." Cent. Dict. It is used to limit, qualify, or restrict the meaning of the sentence with which it is connected, and it may be designated by the use of commas, or by a dash, or by curved lines or brackets; but the use of curves or of brackets unmistakably shows that the clause thus included was supposed by the author or by the scrivener to limit or restrict a general meaning of the language with which it is connected, or to be of importance in explaining the meaning. The curved lines or brackets are, it is true, punctuation, but they are made with forethought, and for the purpose of clearness and definiteness. They designate much more distinctly than by the use of commas the character of the clause which is included. Apart from the declarations of the members of the conference committees upon the floor of congress, it could hardly be claimed that the intent of the statute plainly required a change in the punctuation. An inference could be drawn from the history of the statute before it reached the committees of conference, but, in view of the manifest limitation by the parenthesis, such an inference would not be controlling. Are,

then, the declarations of the members of the committees sufficient to authorize a court to change the manifest meaning of a statute as it passed the legislative body and received the approval of the president, and to construe it in accordance with the intention of the committees? I think that such a judicial construction of a statute is akin to judicial legislation, which, as congress has refused to act upon the subject, it is well to avoid.

The remaining question, whether sweetened chocolate can be classified under paragraph 319, is a more doubtful one. It is obvious that if the article was enumerated in the act of October 1, 1890, it must necessarily have been included in very general terms. All the articles which have been described are in fact manufactured from crude cocoa. The term "cocoa, manufactured" is not a commercial term, and is broad enough to include the preparations of chocolate which are not more specifically mentioned in the comprehensive statute of 1890, and within that paragraph the article in question finds an appropriate dutiable place.

The decree of the circuit court is affirmed.