ALFRED H. JOSLIN *vs.* AETNA LIFE INSURANCE CO.

JULY 23, 1941.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker and Condon, JJ.

FLYNN, C. J. This is an action in assumpsit to recover upon a policy of accident insurance issued by the defendant corporation to the plaintiff. In the district court of the sixth judicial district the parties filed an agreed statement of facts and thereupon the cause was certified to this court in accordance with general laws 1938, chapter 545, § 4.

It is agreed that the plaintiff suffered, through accident, "a comminuted fracture of the greater tuberosity of the left humerus". From all the facts, including the terms of the policy, the sole question at issue is whether or not such a fracture is covered by part III of the policy. The pertinent portion thereof reads as follows: "The Insured, if he so elect . . . may take . . . indemnity in one sum according to the following Schedule if the injury is one set forth in said Schedule . . . For complete Fracture of Bones: . . . Arm, between elbow and shoulder (shaft)."

The plaintiff contends substantially that the policy should be interpreted as any ordinary contract and that any ambiguous language therein should be construed, according to the general rule, in favor of the insured and against the insurer; that the clause of part III in question is ambiguous and should therefore be construed to include any complete fracture of the bone in the insured's left arm between the elbow and shoulder.

The defendant concedes the law and general rule, as stated by the plaintiff, but denies its application to the policy and clause in question. It contends that the clause "Arm, between elbow and shoulder (shaft)", appearing in part III of the policy, is open to only one construction and is not ambiguous; that the word "shaft" in the parenthesis is used in its medical sense and is necessarily a limiting and restricting word upon the principal clause; and that this requires a construction that would except from the complete coverage of that clause a fracture of any part of the humerus other than the part known technically to the medical profession as the "shaft" of that bone.

We have examined the whole of part III of the policy and we are unable to agree with the defendant's contention that the clause in question is free of ambiguity. Without the expression "(shaft)", the pertinent provision of part III would not be ambiguous and could not reasonably be misunderstood. So written, it unquestionably would have insured the plaintiff against a complete fracture of any part

of the bone in his "Arm, between elbow and shoulder". However, by adding to that clause "(shaft)" without using any other words within the parenthesis to explain the intended purpose of the word "shaft" therein, the insurer made doubtful that which was otherwise a clear and complete statement of coverage. In such circumstances the insurer, by its own act, made the meaning of this clause uncertain and ambiguous; and therefore a proper case in which to apply the general rule of construing the policy against the insurer. See *Newberger* v. *New York Life Ins. Co.*, 56 R. I. 442, and cases cited.

Nor can we agree with the suggestion apparently made by the defendant in argument that a parenthesis must be used for only one purpose, namely, limiting and restricting the clause to which it is attached. A parenthesis is in the nature of punctuation and is defined in Webster's New International Dictionary (2d ed.), page 1776, to be: "A word, phrase, or sentence, by way of comment or explanation, inserted in, or attached to, a sentence which would be grammatically complete without it."

Words of comment or explanation within a parenthesis, relating to the principal clause as a whole, are not necessarily limiting or restricting words, in the sense that they except from the whole clause certain of its component parts. A parenthesis may be used for different purposes depending upon the context and upon the explanatory words used within it. We think that a parenthesis is frequently used to clarify some ambiguity which arises from the principal clause itself; or to identify the principal clause as a whole, where such clause might be applicable equally to two different things. In the instant case, however, the doubt arises not from any lack of clarity in the principal clause but from the addition of the parenthesis, which contains no other word to explain the intended effect of the single word "shaft" within that parenthesis. Nor is the description of coverage in the principal clause applicable to any other bone because, according to the agreed facts, "The humerus is the bone

that extends *from the shoulder to the elbow"*—Maloy on Legal Anatomy and Surgery, 166. (italics ours)

In the instant case the insurer wrote the policy. It apparently adopted in part III thereof a definite form of parenthetical expression, wherever it plainly desired to *except* from the coverage of the principal clause as a whole any part thereof. It used such parentheses not once but several times in part III of the policy. For example, under the same schedule of part III—before the clause in question—we find parentheses used in relation to dislocations, as follows: "Knee (patella excepted), Bone or Bones of Foot (other than toes)"; and also in relation to complete fracture of bones—after the clause in question—we find: "Foot (other than toes), Hand (other than fingers), Lower Jaw (alveolar process excepted)."

Apparently from these the insurer knew how to use a parenthesis, with adequate explanatory words therein, when it intended to except from the whole coverage of a principal clause any part or parts which clearly would otherwise be included therein. In all these instances, as above quoted, the insurer did not attempt to except any part by merely mentioning in the parenthesis the name of some other part that was not to be excluded; but it did so by specifically naming within the parenthesis the part to be excepted, and by also using other language within the parenthesis to expressly except that part. The repeated use in this same schedule of such form of adequate parenthetical expression, both before and after the clause in question, whenever the insurer clearly intended to except a part from the whole coverage of a pertinent principal clause, would reasonably lead an ordinary reader to conclude that the policy covered a fracture of any bone coming within the description of any principal clause, unless some part of that bone was specifically mentioned and *excepted* by suitable words within the parenthesis.

An ordinary purchaser of such a policy would not necessarily be interested in what the word "shaft" meant in the

technical sense to members of the medical profession, so long as there was no accompanying language to convey to him the meaning that the "shaft" was being excepted from the principal coverage. For example, an ordinary purchaser might not know the medical meaning of "alveolar process", in the clause covering "Lower Jaw (alveolar process excepted)", appearing in the same schedule of part III of this policy; but he could not misunderstand that such process, whatever its meaning medically, was excepted from the coverage because of the words within the parenthesis. Similarly, if the insurer had intended to except from the complete coverage of the clause in question the tuberosity of the humerus, which was here fractured, the ordinary reader would naturally expect to find the words "Arm, between elbow and shoulder (other than tuberosity)", or "Arm, between elbow and shoulder (tuberosity excepted)".

In view of the parenthetical method adopted by the insurer to clearly express exceptions in several other instances in this same schedule of part III of the policy, the ordinary reader thereof would reasonably conclude that, regardless of the medical meaning of "shaft", nothing was intended to be *excepted* in this instance; and that, if such result had been so intended, the part to be excepted and the specific words excepting such part would appear in this parenthesis according to the formula used elsewhere in this schedule to effect a similar result. If we adopt the inference, as we should, that the insurer wrote the policy in good faith, we think we should also adopt the inference that it was written not solely for expert, scientific, and professional medical men; but that the policy was written in the sense in which the insurer had reason to believe it would be interpreted by the ordinary reader and purchaser. See *Lewis* v. *Ocean Accident & Guarantee Corp.*, 224 N. Y. 18; *Turner* v. *Fidelity & Casualty Co.*, 112 Mich. 425; *Rogers* v. *Modern Brotherhood of America*, 131 Mo. App. 353.

No case has been cited by the defendant and we have found none where a single word, representing merely the profes-

sional description of one part of a continuous bone, which was entirely and clearly covered in the principal clause of a policy, has been used within a parenthesis, as here, to except from the complete coverage of the principal clause a different part of said bone, without even mentioning within the parenthesis the name of the part to be excepted. The use of the word "shaft" in a parenthesis in three other places in part III, in connection with the thigh, leg, and forearm, does not assist the defendant here. It merely multiplies the vice in this policy, since it leaves to conjecture what the real intent was in all the instances where it was so used.

If the insurer intended to exclude from the principal coverage of the "arm, between elbow and shoulder" the "tuberosity" of the humerus, it could easily have employed the same form of expression within the parenthesis that was used in five instances in this same part III of the policy. Its failure to do so in the circumstances creates the uncertainty and doubt that requires us to construe the policy most favorably to the insured.

The instant case is unlike any of those cited and chiefly relied on by the defendant. In the case of *In re Schilling*, 53 Fed. 81, the question was whether the parenthesis should end in one place or in another. But wherever the parenthesis should have ended, it clearly had within it additional words of explanation or limitation, *viz.*, "Chocolate, (*other than* chocolate confectionery, and chocolate commercially known as 'sweetened chocolate,') two cents per pound." (italics ours) In the case of *State* v. *Morgan*, 133 La. 1033, the language charging the offense was apparently applicable equally to two different statutory offenses and a parenthesis was used to identify the one relied upon. There was no attempt to exclude one component part of a whole offense from the principal clause by mere mention in a parenthesis of another component part thereof.

The case of *Peterson* v. *Modern Brotherhood of America*, 125 Ia. 562, which was considerably relied upon by the insurer, is not in point. That case did not concern the effect

of any parenthesis, much less of a parenthesis within which appeared only one word. Moreover, serious question upon the reasoning and result reached by the majority of the court in that opinion seems to have been cast thereon in a later case. See *Jones* v. *Continental Casualty Co.,* 189 Ia. 678.

Upon the agreed facts and the policy before us, we are of the opinion that the language used by the insurer in this particular clause of the schedule in part III of the policy was uncertain and ambiguous; and that the ordinary reader and purchaser would be reasonably led to interpret that clause, considering the whole context of part III, as covering any complete fracture of the bone in the arm between the shoulder and elbow, unless some specific part of that bone was mentioned and excepted by adequate words within the parenthesis; and that no such language appeared within the parenthesis in question.

Upon that view, and according to the further agreement of the parties, the decision of this court is for the plaintiff for $300 plus interest and costs.

The papers in the case, with said decision certified thereon, are ordered to be sent back to the district court of the sixth judicial district for entry of final judgment on said decision.

Moss, J., dissenting. I am unable to concur in the opinion of the court, because I construe differently the decisive language of the policy.

In the policy the "Schedule" describes the injuries for which, if suffered by accident, payments will be made to the plaintiff and states how much will be paid for each injury described. If the injury for which payment is sought by the plaintiff in the instant case is covered by the policy, it comes, in this schedule, under the heading "For Complete Fracture of Bones:".

The second item under this heading is "Thigh (shaft)". It is clear to my mind that the parenthesis is here used for the purpose of *narrowing* the coverage for fracture of

the thigh, so that instead of a fracture of *any* part of the thigh bone, without exception, being covered, only a fracture of that part of the thigh bone which is called the "shaft" will be covered.

To me it also seems clear that in this connection only one meaning can reasonably be given to the word "shaft" and this is that it means the bone's middle part, which lies between the much larger parts at its two ends; and that this meaning is a perfectly reasonable and natural one and in accordance with the usage of the English language.

The next fracture described in the schedule is the one for which a payment is sought in this case; and it will be discussed later in this opinion. The sixth item is "Leg (shaft)", and this must clearly be given the same meaning as the second item, above discussed. In other words, it must be given the same meaning as if it had read: "The shaft of a leg bone."

The item in question in this case and the ninth item read respectively as follows: "Arm, between elbow and shoulder (shaft)", and "Forearm, between wrist and elbow (shaft)". It seems clear to me that in each of these items the middle part was put in to make it perfectly clear just what bone was meant, as each one is an arm bone.

It is also clear to my mind that the word "shaft" in parenthesis was put into each one of the two items pertaining to arm bones in order to make it clear that that item covers only a fracture of the *shaft* of that bone, exactly as the same word, in parenthesis, was put into each of the two items above discussed, relating to fractures of the thigh and the leg bones. This use of the word "shaft" alone in parenthesis is to my mind entirely consistent with the *other* use of the parenthesis in the schedule of fractures, in the following items: "Foot (other than toes), Hand (other than fingers) and Lower Jaw (alveolar process excepted)."

Therefore, it is my opinion that, whether the language of the item now in question in the instant case is interpreted in the technical, anatomical sense of the language

used or in its ordinary sense in common usage, it clearly means that the only fracture of the bone of the upper arm, *i.e.*, of the arm between the shoulder and the elbow, which is covered by this insurance policy is a fracture of the "shaft" of that bone, *i.e.*, a fracture of the narrow part of it which lies between the enlarged parts of the bone at the shoulder joint and the elbow joint; and that there is no ambiguity in it which could reasonably be resolved in favor of the insured and against the insurance company.

Therefore, in my judgment, the fracture suffered by the plaintiff, having been of "the greater tuberosity of the left humerus", was not covered by his policy and the decision of this court should be for the defendant.

BAKER, J., concurs in the opinion of Moss, J.

*Henshaw, Lindemuth & Siegl, Daniel S. T. Hinman,* for plaintiff.

*Hinckley, Allen, Tillinghast & Wheeler, S. Everett Wilkins, Jr.,* for defendant.