C. J. VAN HOUTEN & ZOON, INC., BLUEFRIES
NEW YORK, INC. *v.* UNITED STATES (No. 5054)[1]

United States Court of Customs and Patent Appeals, June 2, 1961

*Barnes, Richardson & Colburn* (*Joseph Schwartz*, of counsel) for appellants.
*George Cochran Doub*, Assistant Attorney General, *Richard E. FitzGibbon*, Chief, Customs Section (*Richard H. Welsh*, trial attorney, of counsel) for the United States.

Before WORLEY, Chief Judge, and RICH, MARTIN, and SMITH, Associate Judges, and Judge WILLIAM H. KIRKPATRICK.[2]

RICH, Judge, delivered the opinion of the court:

_____

[1] C.A.D. 775.
[2] United States Senior District Judge for the Eastern District of Pennsylvania, designated to participate *in place of Judge O'Connell*, pursuant to provisions of Section 294(d), Title 28, United States Code.

The imported merchandise is Van Houten "Milk Hazelnut Chocolate Bars," so named because one of the ingredients is crushed hazelnuts. Each bar is 1⅜″ x 4⅝″, is ⅜″ thick, weighs 1⅛ oz. and ordinarily retails at 10¢. ▇ They were imported along with variously flavored chocolate candy bars,[3] the milk hazelnut bars being classified as confectionery n.s.p.f. under paragraph 506, Tariff Act of 1930, and the variously flavored bars being classified as chocolate under paragraph 777(b). The importer protested, claiming that the hazelnut bars were dutiable as chocolate "in any other form, whether or not prepared, valued at 10¢ or more per pound," but the protest was overruled and the importer has appealed.

The involved paragraphs read:

Paragraph 506, Tariff Act of 1930, as modified by GATT, T.D. 51802:

| Tariff Act of 1930 paragraph | Description of Products | Rate of Duty |
|---|---|---|
| 506 | Sugar candy and all confectionery not specially provided for: | |
| | Valued at less than 6 cents per pound_____ | 20% ad val. |
| | Valued at 6 cents or more per pound_____ | 14% ad val. |

Paragraph 777, Tariff Act of 1930, as modified by the Torquay Protocol, T.D. 52739:

| Tariff Act of 1930 paragraph | Description of Products | Rate of Duty |
|---|---|---|
| 777 | Cocoa and chocolate: | |
| (a) | Unsweetened_____ | ¾¢ per lb. on net wt. |
| (b) | Sweetened: | |
| | In bars or blocks weighing 10 pounds or more each_____ | 1¢ per lb. |
| | In any other form, whether or not prepared, valued 10 cents or more per pound. | 10% ad val. |

At the outset we may say that the issue is simply whether the addition of crushed hazelnuts, 12% by weight, to a chocolate candy bar is enough to take the merchandise out of the chocolate provision and

---

[3] The variously flavored bars are: "milk chocolate," "bittersweet chocolate," "orange milk chocolate," "mocha bittersweet chocolate" and "coffee milk chocolate." The latter two include, as indicated on the wrappers, "ground coffee."

make it dutiable as confectionery n.s.p.f. It is agreed that the merchandise is valued at over 10 cents per pound. "Chocolate," however, has long been recognized by Congress and the courts as a separate tariff entity and, additionally, encompasses a wide variety of products rendering the resolution of the issue difficult.

Chocolate making begins with the cleaning and roasting of crude cocoa beans, the roasting developing the flavor and loosening the kernels or nib from the shell or outer husk. After roasting, the husks are removed by a winnowing process and the nibs are ground in a mill which in some cases may be a heated calender. Heat from the grinding process melts the cocoa butter in the beans leaving a bitter pasty mass known as "chocolate liquor" which then may be cooled and formed into blocks or bars. "Chocolate liquor" is a basic ingredient of the chocolate and confectionery industries, the products commonly made from chocolate liquor being sweet chocolate, milk chocolate and various grades of cocoa. Sugar is added to the chocolate liquor to make sweet chocolate, a typical sweet chocolate containing as much as 40% to 60% sugar. To compensate for the dilution of the chocolate flavor caused by the addition of the sugar, a substantial amount of cocoa butter is usually added. Milk is added to make milk chocolate and the better quality chocolate often contains up to about 20% of milk products although the minimum U.S. standard is only 12%. Sweet and milk chocolates that are to be used for eating or coating often undergo further processing to develop flavor and increase quality. Cocoa is the residual product obtained by pressing cocoa butter from the chocolate liquor, the amount of cocoa butter left in the residue determining, to some extent, the quality of the cocoa.

One of importer's witnesses, the vice president in charge of production and purchasing for Van Houten, testified briefly as to the manufacture of hazelnut chocolate bars and the fact that their manufacture is generally the same as with various flavored bars. Various flavorings or, alternatively, crushed hazelnuts are added to a mixture of chocolate liquor, sugar, milk products and cocoa butter. The mixture is then put into a depositing machine which completes the manufacturing process by filling metal molds with the mixture, cooling the molds and then removing the bars from the molds. Operation of the depositing machine was said to be the same regardless of whether flavoring or nuts have been added to the chocolate mixture. Also, it appears from the testimony that the percentage of flavoring added depends upon the strength and flavoring ability of the additives. Vanillin, present in all the bars, is said to constitute less than 1%, while in the coffee bars ground coffee is said to be "less than 10 percent," "maybe 3, maybe 4" and in the mocha bittersweet "4 percent, maybe 5 percent." The witness considered the crushed hazelnuts as just another flavoring

ingredient. However, for proper flavoring 12% of crushed nuts had to be added.[4]

Four other witnesses, all of whom are engaged in the chocolate bar trade, testified that by common meaning, as well as in the trade, chocolate candy bars are candy bars whether they are flavored, whether they are plain or whether they contain nuts. They also testified that a line of chocolate bars ordinarily includes various flavors as well as some with nuts and that flavor designations are necessary only to identify each bar, permitting a prospective purchaser to choose according to his individual taste.

In overruling the protest, the Customs Court concluded its review of numerous prior cases saying:

> It is evident that the decisions referred to above establish that sweetened chocolate, mixed with more than a negligible quantity of nuts, is properly classified under the tariff acts as confectionery and not as sweetened chocolate. * * * there is nothing to indicate an intention on the part of Congress to legislate away the construction by the court under the Tariff Act of 1922 that "sweetened chocolate," which has been prepared, does not include chocolate with nuts. * * * Therefore, in the absence of compelling reasons to the contrary, we are of the opinion that *these cases must be considered as precedents which control the outcome of the issue here.* [Emphasis added.]

Since the Customs Court found that the change in language occurring in 1930 was not meant to change the common meaning of chocolate which had been previously established, the new language, "whether or not prepared," was considered—

> * * * just another way of saying *"flavored* or *not flavored."* It is submitted that the term prepared as used with respect to sweetened chocolate in the Tariff Act of 1930, means such chocolate when it has been prepared by a modification of its flavor.

Twelve percent crushed hazelnuts was considered not to be merely flavoring and, additionally, was found to be more than "negligible" and therefore not within the exception which had been made in *United States* v. *McLaughlin & Freeman,* 13 Ct. Cust. Appls. 404, T.D. 41324.

The issue, then, is simply whether chocolate candy bars having crushed hazelnuts are more specifically provided for as chocolate than

---

[4] In the official entry papers, a cost sheet shows the following composition for a 220½ pound batch:

| | |
|---|---|
| Beet sugar | 88.20 lbs. |
| Chocolate liquor | 24,90 lbs. |
| Cocoa butter | 38,60 lbs. |
| Full milk powder | 30 lbs. |
| Skimmed milk powder | 9,30 lbs. |
| Various | 0,80 lbs. |
| Hazelnuts | 28,70 lbs. |

"Various" was said to be "lecithin and vanillin," lecithin, we might add, being used to prevent the cocoa butter from forming into a flaky, whitish-brown, coating commonly forming on chocolates in warm weather.

as confectionery n.s.p.f., since the importer in his brief admits "that chocolate bars with or without nuts are included within the generic term 'confectionery'." Apparently, so far as the Government is concerned, but for the addition of 12% hazelnuts, flavored chocolate would be classifiable as sweetened chocolate.

In an effort to overcome and distinguish the prior adjudications contrary to its present position, the importer argues:

First, judging by the opinions, there does not seem to have been the same quantum of proof as in the present case that chocolate when containing nuts was still known as chocolate in the trade. But what is vastly more important is that there has been a significant change of language in the act of 1930 which we believe nullifies the decisions under the 1922 act.

These arguments we find unconvincing and we, therefore, agree with the result reached by the Customs Court.

Since at least 1877, the courts have been construing the competing paragraphs applicable to "chocolate" as opposed to "confectionery"[5] and for over fifty years, as between those alternatives, chocolate, to which more than a negligible quantity of nuts has been added, has consistently been held to be classifiable as confectionery. The distinction apparently began in the case of *H. L. Day Co.* v. *United States*, 15 Treas. Dec. 26, T.D. 28687, Abst. 17884 (1908) *aff'd. by consent*, 19 Treas. Dec. 149, T.D. 30343, Suit 5179 (1909). Abstract 17884, entitled "Chocolate Confectionery—Noisettines—* * *,"[6] describes the merchandise as "thin cakes of sweetened chocolate through which have been mixed pieces of nuts." Although admitting that on the basis of prior decisions, chocolate which contains sugar, milk and flavoring is still chocolate for tariff purposes, the Board of General Appraisers was of the opinion that the line between chocolate and confectionery must be drawn somewhere, saying:

* * * we think that clearly an article of confectionery has been produced when sweet chocolate is mixed with other substances such as nuts, fruits, or cream, thus increasing its desirability as a confection and unfitting it for use as a beverage or any of the other well-known purposes for which chocolate is used.

Noisettines were classified as confectionery.

The distinction enunciated in the *Day* case, at least insofar as the result is concerned, has prevailed each time the issue of chocolate with

---

[5] In *Arthur* v. *Stephani*, 96 U.S. 125 (1877), boxes of chocolates, each box weighing about one-half pound and containing thirty-six little chocolate bricks, each brick being wrapped in paper, were classified as "chocolate" rather than "confectionery" notwithstanding that it was "ordinarily sold by confectioners as confectionery." See also *In re Shilling*, 53 Fed. 81 (2d Cir. 1892) ; *A. Cora* v. *United States*, 11 Treas. Dec. 433, T.D. 27217, (1906) ; *Jas. de Fremery & Co.* v. *United States*, 11 Treas. Dec. 660, T.D. 27331, Abst. 11172 (1906) ; *L. Grandolfi & Co.* v. *United States*, 14 Treas. Dec. 567, T.D. 28659, Abst. 17861 (1907).

[6] Webster's New International Dictionary (2d ed., 1954) reads: Noisette * * * , n. [F. Hazel Nut] * * *. Noisette, n. The color hazel.

nuts has been raised.[7] Our predecessor court considered a similar question in *United States* v. *McLaughlin & Freeman*, supra. The merchandise there was triangular bars of sweetened chocolate composed of a little more sugar than chocolate, 0.6% almonds and 1% or 2% honey. Classification as confectionery was protested, the importer claiming that it was dutiable as chocolate. The Customs Court sustained the protest and our predecessor court affirmed, saying:

> Chocolate is a paste or cocoa made of cacao seeds, roasted or ground, and often mixed with *sugar and some flavoring* ingredient.
>
>       \*       \*       \*       \*       \*       \*       \*
>
> That small percentage [0.6 of 1%] of almonds was probably added for flavoring purposes, but whether it was or not, it can not be said the almonds were a distinctive feature of the product or that their introduction created a product which was not entitled to bear the name of sweetened chocolate. Six-tenths of 1 per centum by weight of almonds was negligible in the commodity and no more removed the commodity from the common understanding of chocolate than would the addition of 0.6 of 1 per centum of vanilla extract or almond oil.

While the *McLaughlin* case is hardly authority to support appellants' position, it does form an integral part of their argument that regardless of the adjudications prior to the 1930 enactment, "whether or not prepared," the language in paragraph 777(b), and legislative history relative to that paragraph clearly show a Congressional intent that the paragraph encompass chocolate bars with nuts. This is so, appellants say, because in "Memorandum of Court Decisions Affecting the Tariff Act of 1922," [8] Congress was presumably told of the *McLaughlin* case holding that bars of chocolate containing 0.6% nuts were dutiable as chocolate. The same memorandum also suggested that if the *McLaughlin* case was contrary to legislative intent, the chocolate paragraph be amended to read, (at p. 34) "\* \* \* *but not containing nuts in any form.*" Additionally, the attention of Congress was called to the fact that imports of sweetened chocolate were increasing and that the imports were "usually small bars or pastilles made of plain chocolate with or without nuts and milk chocolate with or without nuts." [9] Since Congress "failed" to adopt the suggested proviso "despite this information and advice," we are asked to infer that it intended sweetened chocolate with or without nuts to be classifiable under the chocolate provision. As to this argument the Customs Court concluded that:

---

[7] Letter from Assistant Secretary of the Treasury Department, 46 Treas. Dec. 516, T.D. 40550 (1924) ; *A. Herzog & Co.* v. *United States,* 56 Treas. Dec. 435, T.D. 43666 (1929) ; *Penn Importing Co.* v. *United States,* 60 Treas. Dec. 1207, Abst. 16991 (1931) (Act of 1922 Applied) ; *W. X. Huber Co.* v. *United States,* 6 Cust. Ct. 622, Abst. 45794 (1941).

[8] Committee print prepared for the use of the Committee on Ways and Means, House of Representatives, by Charles D. Lawrence, Assistant Attorney General, G.P.O. 1929, p. 27.

[9] Summary of Tariff Information, 1929, p. 1468.

Therefore, in view of the plain implication [*McLaughlin* case] that chocolate with more than a negligible amount of nuts would not have been classified as chocolate, we think it is fair to assume that Congress did not consider the decision of [sic] conflict with the intent of the statute and, for that reason, did not deem it necessary to include the suggested language in paragraph 777(b).

We think that inference is just as reasonable as the opposite one which appellants ask that we draw.

No convincing reason has been advanced here, and we have found none, requiring anything but a literal construction of paragraph 777. We are here concerned with the common meaning of "chocolate," not "chocolate * * * whether or not prepared," and, if the merchandise is chocolate by common meaning, it will be so classified whether or not it was "prepared" prior to importation. Common meaning is for the courts to decide and under the decisions we have reviewed "chocolate" may include sugar, milk and even flavoring but when more than a "negligible" amount of nuts is added to chocolate, then the resulting product is more than chocolate for tariff purposes.

Paragraph 777 provides different rates for various kinds of "cocoa and chocolate." If it is unsweetened, it bears the lowest duty. If it is sweetened, in bars or blocks weighing ten pounds or more, it bears a higher duty and, finally, the highest duty is reserved for chocolate in any form other than bars or blocks weighing ten pounds or more and it remains classifiable as chocolate whether or not it has been prepared. In other words, we are not concerned with form, such as specialty shapes, liquid or solid, one-bite bar size or 10¢ bar size. We also note that cocoa may be in different forms, pressed cake or powdered and the powdered may be in variously sized containers. See *United States* v. *Gallagher Ascher Co.*, 34 C.C.P.A. 172, C.A.D. 361.

As to the language "whether or not prepared" we take that to mean that chocolate and cocoa remain classifiable thereunder notwithstanding any advancement for its ultimate use, such as by grinding, mixing, squeezing, melting, curing and molding. We need not concern ourselves with the legal niceties which have so often been involved when classification depends on whether the merchandise was "prepared or preserved" or was "prepared in any way." "Prepared" chocolate is not new with the Tariff Act of 1930 and, so far as we have been able to ascertain, the term has not received any special consideration. Moreover, we note that "prepared" first appeared in conjunction with chocolate in Paragraph 281, Act of July 24, 1897, 30 Stat. 172, and prior to that act, it was used only in conjunction with "cocoa," apparently to distinguish it from "cocoa * * * crude" which consistently appeared on the free list.[10]

---

[10] Compare: Act of August 27, 1894, c. 349, par. 229 and 447, 28 Stat. 524, 28 Stat. 539; Act of October 1, 1890, c. 1244, par. 318, par. 319 and par. 542, 26 Stat. 588, 26 Stat. 588 and 26 Stat. 605; Rev. Stat. pp. 474, 475, 484 (2nd Ed. 1878); Act of June 6, 1872, c. 315, 17 Stat. 231, 234.

Finally, appellants argue that "the legal effect of * * * *whether or not prepared*, is exactly the same as would be a provision for articles *composed of* sweetened chocolate * * *" and contend that since the chief value of the merchandise is chocolate, the merchandise should be so classified. To so hold would do violence to the language of those paragraphs which specify that chief value or composition should control classification. In *Scharf Bros. Co., Inc.* v. *United States*, 24 CCPA 111, T.D. 48414 (1936), a similar chief value contention was dismissed by the court in construing "Licorice, extracts of, in pastes, rolls, or other forms," as opposed to "confectionery" n.s.p.f. The merchandise, " 'Pontefracte cakes' consisting in chief value of licorice but also containing sugar, flour, treacle, glucose, gelatine and caramel in substantial quantities * * *", was classified as confectionery, the court expressly finding that chief value was not controlling.

While there is a certain appeal in appellants' argument that all the various types of chocolate candy bars should be dutiable at the same rate, that result is manifestly inconsistent with prior adjudications and the argument does not warrant disregarding a distinction which has existed for some fifty years.

For the foregoing reasons, the decision of the Customs Court is *affirmed*.