[Civil No. 604. Filed June 11, 1898.]

[53 Pac. 495.]

ALBERT STEINFELD, Intervener and Appellant, v. HENRY MENAGER, Plaintiff and Appellee; RICHARD FARRELL, Defendant.

1. ATTACHMENT—LEVY—RANGE STOCK—LAWS 1889, ACT No. 20, SEC. 9, SUBD. 3, CONSTRUED—NOTICE OF LEVY MUST BE RECORDED TO PERFECT LIEN.—A levy of a writ of attachment upon range stock, made under the statute, *supra,* creates no lien until a copy of the notice required to be served on the owner, attached to the writ, has been filed with the county recorder.

APPEAL from a judgment of the District Court of the First Judicial District in and for the County of Pima. George R. Davis, Judge. Reversed.

The facts are stated in the opinion.

S. M. Franklin, for Appellant.

C. W. Wright, for Appellee.

DOAN, J.—On the twentieth day of March, 1897, Henry Menager brought suit by attachment against Richard Farrell, in the district court of Pima County, to recover the sum of $2,116.42, with interest. The sheriff made a levy of this writ of attachment in the following manner upon defendant's cattle of the O I L brand, which were running at large on the

range. On the day he received the writ he gave notice in his office in Tucson, in the presence of two witnesses, James N. Leevy and A. J. Preston, that he had levied on said cattle. Thereafter, on that date, March 20, 1897, he filed with the county recorder of Pima County a copy of the writ of attachment, together with a copy of his indorsement of levy; the copy of said indorsement of levy, attached to said writ of attachment, being in words and figures following, to wit: "Office of the Sheriff, County of Pima—ss.: Under and by virtue of the within writ of attachment, I have, on this 20th day of March, 1897, levied upon all of the horned cattle of the within-named defendant, Richard Farrell, which are branded thus, O I L, and have also levied upon said brand, said brand being of record in the office of the county recorder of said Pima County, Arizona Territory, in Book 1 of Marks and Brands, on page 216 thereof; said horned cattle being estimated by me to be about 200 head in number. All of said horned cattle are running at large on a range in said Pima County, Arizona Territory, to wit, in and around Harshaw, in the southern part of said county, and cannot be herded or penned without great inconvenience and expense. Said levy was made in the presence of James Leevy and A. J. Preston, two credible persons. Done this 20th day of March, 1897, at Tucson. R. N. LEATHERWOOD, Sheriff, by W. H. TAYLOR, Deputy Sheriff. Witnesses: J. N. LEEVY, A. J. PRESTON." On the twenty-fourth day of March, 1897, and prior to the service on him of the notice of the levy of attachment by the sheriff, the defendant Farrell executed to Albert Steinfeld a promissory note for the sum of $4,128.02, due in one day from date, also a promissory note to Wheeler & Perry for the sum of $3,003.69, due one day from date, being for indebtedness due the respective payees from him on that date, and executed to Albert Steinfeld a chattel mortgage on all the cattle of said O I L brand, and on other personal property, as security for the payment of said promissory notes, which chattel mortgage, with the affidavit of the parties thereto that the same was made in good faith and without intent to defraud creditors and purchasers, was recorded in the office of the county recorder of Pima County on the said twenty-fourth day of March, 1897. Thereafter, on the said twenty-fourth day of March, 1897, the sheriff served on the defendant Farrell a

notice of the levy of said attachment, which notice was in words and figures following, to wit: "Office of the Sheriff, County of Pima—ss.: To Richard Farrell, his herder, agent, or man in charge, or to whom it may concern: This is to certify that I did, on the 20th day of March, 1897, levy upon all of the horned cattle of the said Richard Farrell which are branded˙ thus O I L, by filing a copy of the levy, together with a copy of the writ of attachment, in the office of the recorder of said Pima County, Arizona Territory, in a case wherein Henry Menager is plaintiff and Richard Farrell is defendant. R. N. LEATHERWOOD, Sheriff, by W. H. TAYLOR, Deputy Sheriff." Steinfeld, as the owner of said chattel mortgage, thereafter filed his complaint in intervention in the attachment suit, wherein he asked the court to adjudge that the attempted levy of said writ of attachment on said cattle was void; that no lien was perfected thereby, because the requirements of the law relative to such levy were not complied with; and asked that the court decree the lien of attachment void as against the chattel mortgage, and that the lien of the chattel mortgage be declared by the court prior to any lien under said attachment. The case was tried to the court, without a jury, and judgment was rendered in favor of the attaching creditor, Menager, for the amount claimed and interest. And the court found, among other things, that the levy of the attachment was valid and created a lien; that this lien was prior to the lien of the chattel mortgage of intervener, Steinfeld, which was executed and filed on March 24, 1897. From this judgment of the court, and the order denying a new trial, the intervener appealed, and has brought the case to this court.

He assigned as error, first, that "the court erred in holding that the attempted levy of the writ of attachment on the cattle of the O I L brand was a good and valid levy"; that "the court erred in holding that the lien established by the levy under said writ was prior to the lien under the chattel mortgage of intervener, and valid as against such chattel mortgage." The levy of the attachment was made under the provisions of subdivision 3 of section 9 of act No. 20 of the Session Laws of the fifteenth legislative assembly of Arizona. The method of levying on cattle running at large on the range is therein prescribed as follows: "A levy upon horses, mules, jacks, jennets, horned cattle or hogs, running at large in a

range, and which cannot be herded or penned without great inconvenience and expense, may be made by designating, by reasonable estimate, the number of animals, and describing them by their marks and brands, or either. Such levy shall be made in the presence of two or more credible persons, and notice thereof shall be given in writing, to the owner or his herder, or agent if residing within the county, and known to the officer making the levy, and a copy of such notice, attached to a copy of the writ, shall be filed by the officer with the county recorder of the county wherein the levy is made." In the case at bar the sheriff made his levy in his office in the presence of two witnesses, as required by the statute. He then indorsed the return of his levy on the back of the writ. He then filed the writ of attachment and his return thereon with the county recorder; but did not serve at that time any notice of such levy upon the owner or his herder or agent, nor file any copy of such notice with the recorder, as required by the statute. On the 24th of March, the owner and attachment debtor executed a chattel mortgage covering this property to the intervener, Steinfeld, who at once placed the same of record, and thereby established and perfected his lien under the mortgage upon the property. After the execution and record of the mortgage, and on the same day, the sheriff served upon the owner, Farrell, the notice of the levy of the attachment in pursuance of the requirements of the statute, but did not file a copy of the said notice with the county recorder, as was further required, and had not up to the time of trial filed such copy of notice with the recorder. The claim is made on the part of the appellant that the possession by the sheriff being constructive under this system of levy, and this mode of levy entirely statutory, in order to perfect the lien under the levy the requirements of the statute must be strictly complied with, and that the filing with the recorder of the writ of attachment and the return of the levy made thereon is incompetent to create a lien without the copy of the notice served upon the owner being recorded therewith.

The law plainly states that in making this kind of levy a copy of the notice, that has been served on the owner, herder, or agent, of such levy, attached to the writ, must be filed with the recorder, and no lien is created upon the property until that requirement is complied with. The case appears to have

been presented to the lower court, and has been presented in this court, upon the theory that a notice of the levy had been filed with the recorder, and that the irregularity consisted in its not having been a *verbatim* copy of the notice served upon the owner. The record, however, discloses the fact that there was no copy of notice of the levy filed with the recorder. The only record that was made was of the writ of attachment and a copy of the levy; and in the notice served upon Farrell the sheriff states that he made said levy by filing a copy of the levy, together with a copy of the writ, in the office of the county recorder. No claim is made that any notice or copy of notice was filed. The provision of the law for this kind of levy is that the levy shall be made in that manner, and a notice thereof given in writing to the owner; and a copy of such notice, attached to the copy of the writ, shall be filed by the officer with the county recorder. The failure of the officer to do these things as required by law was fatal to the validity of the levy by attachment. *Watt* v. *Wright,* 66 Cal. 202, 5 Pac. 91; *Sharp* v. *Baird,* 43 Cal. 577. The copy of the levy being filed with the recorder, as stated in the return of the officer, does not meet the requirements of the statute, and is insufficient to create a statutory lien by attachment upon the property. The district court erred in holding that any lien was created that was prior to the lien under the mortgage executed and recorded on March 24th. The judgment is therefore reversed, and the case remanded.

Street, C. J., and Sloan, J., concur.