[No. 3662.]

THE PEOPLE EX REL. BROWN, COUNTY JUDGE, v. THE DIS-
TRICT COURT OF YUMA COUNTY ET AL.

JURISDICTION—DISQUALIFICATION OF JUDGE—CERTIORARI—PROHIBI-
TION.

Where motions were filed in county court to set aside judgments ren-
dered by a former county judge, and in which the present county
judge had acted as counsel for the judgment debtors, the judge was
disqualified to act on such motions, and it was his duty to certify
the matter to the district court, and refusing to do so the district
court had jurisdiction by writs of prohibition and certiorari to
restrain the county judge from setting aside said judgments and to
order him to certify the proceedings to the district court.

*Original Application for Writ of Prohibition.*

Mr. QUITMAN BROWN, relator, *pro se.*

Messrs. ANGUS & MUNTZING for respondents.

PER CURIAM.  This is an original application for a writ
of prohibition to restrain respondents from further proceed-
ing with certain writs of prohibition and *certiorari* issued
out of the district court of Yuma county against the relator
as county judge of said county.   From the return to the rule
to show cause it appears that upon application of certain
parties who had theretofore obtained judgments in the county
court of Yuma county, the respondent issued the writs in
question to restrain the relator, as county judge and *ex officio*
clerk of the county court of Yuma county, from setting aside
said judgments, and ordering him to certify the proceedings
pending before him to the district court; and upon his re-
fusal to obey said writs, cited him to show cause why he
should not be punished for contempt.   While the matters
were thus pending, this proceeding was instituted by relator.

The judgments in question were obtained in the county

court before Hon. L. C. Warren, who was then judge, against certain parties for whom the relator appeared and acted as attorney. After two years or more had elapsed since the judgments were obtained, the relator Brown was elected judge of the county court, and qualified and assumed the duties of said office about January 15, 1896. Within a few days thereafter motions were filed in the county court to set aside the judgments, and to vacate whatever proceedings had been had thereunder. These motions were set for hearing on the second day of March, that being the first day of the next succeeding term of the county court. The judgment creditors, on February 25, appeared by attorney, and by motion requested relator to transfer and certify said causes with the original papers to the district court, as provided in section 438 of the code of civil procedure, upon the ground that the relator was disqualified from passing upon, or determining said motions, because of his having acted as attorney in said causes for the opposing parties. On February 25, the applications to transfer the causes to the district court were overruled, and thereupon the judgment creditors sued out the writs in question.

In his reply to the answer of respondent relator admits that he denied the applications to transfer the cause on February 25, but with leave to renew the same on March 2, when the motions to vacate the judgments were set for hearing. The applications were not renewed; but he further states that on March 2, he overruled the motions theretofore made to vacate the judgment, and that, on his own motion, for certain reasons satisfactory to himself, he interposed and vacated the same, recalled the executions that had been issued, and set aside what had been done thereunder, and then transferred the matters to the district court.

It is unnecessary to consider the sufficiency of the reasons which controlled relator in his action in setting aside the judgments, since it is too obvious to admit of dispute that, however meritorious they may have been, he was disqualified to act at all in the matter. Section 429 of the code of civil

procedure, *inter alia*, provides, "A judge shall not act as such in any of the following cases : * * * when he has been attorney or counsel for either party in the action or proceeding, unless by consent of all parties to the action." Section 433 reads as follows :

"If the county judge be disqualified for any cause from sitting on the determination of any action or proceeding pending .before him, the cause shall be certified, with the original papers, to the district court of the same county, which shall proceed thereon to final judgment and determination."

Under these provisions the relator was not only disqualified from hearing the motions in question, but it was his duty of his own motion to certify the matters to the district court ; and the only question that remains to be determined is whether certiorari and prohibition from the district to the county court will lie in such cases. We think this is also clear. The orders that the county court was asked to make by the motions filed were interlocutory, that is, to vacate and set aside judgments that had theretofore been rendered, which relief, if granted, would result in opening the cases for re-trial, and would not have constituted final judgments from which an appeal would lie.

Aside from this fact, the proceedings of county courts are subject to review by writs of certiorari, from the district courts, as provided by chapter 28 of the code, when they are generally acting, or attempt to act, in excess of their jurisdiction (*In re Rogers*, 14 Colo. 18), and under the particular circumstances disclosed in this case the district court was expressly authorized to take jurisdiction of and determine the matters presented to the county court ; we can therefore conceive of no more appropriate or effective means of enforcing such jurisdiction than the proceedings resorted to.

Our conclusion is that the district court had jurisdiction to issue the writs in question, and therefore it is not within our province to interfere with its subsequent proceedings. The rule, therefore, will be discharged, and the application dismissed.