[Civil No. 660. Filed June 2, 1899.]

[57 Pac. 607.]

HENRY MENAGER, Plaintiff and Appellant, v. RICHARD FARRELL, Defendant, and ALBERT STEINFELD, Intervener, Appellees.

1. ATTACHMENT—LEVY—RANGE CATTLE—LAWS ARIZ. 1889, ACT No. 20 SEC. 9, SUBD. 3, CONSTRUED—CHATTEL MORTGAGE.—Where the sheriff in making a levy of attachment upon range cattle fails to serve at the time any notice of such levy upon the owner or his herder or agent, and fails to file any such notice with the county recorder as required by statute, *supra*, such levy created no lien, and a chattel mortgage made and filed by the owner to the interveners subsequent to the attempted levy was a good and valid prior lien upon said cattle, though the provisions of the statute regarding the levy of an attachment were thereafter complied with.

2. APPEAL AND ERROR—FORMER APPEAL—LAW OF CASE—RES ADJUDICATA—SNYDER V. PIMA COUNTY, ANTE, P. 41, FOLLOWED.—The final judgment of an appellate court becomes the law of the particular case and is not subject to review thereafter on second appeal. *Snyder* v. *Pima County, supra,* followed.

APPEAL from a judgment of the District Court of the First Judicial District in and for the County of Pima. George R. Davis, Judge. Affirmed.

The facts are stated in the opinion.

C. W. Wright, for Appellant.

S. M. Franklin, for Appellees.

DOAN, J.—The question presented in this case is the validity and effect of an attachment-lien upon the property of an attachment-debtor by reason of a partially completed attachment-levy, as against the lien created by a chattel mortgage in favor of another creditor, where the mortgage was given and placed of record after the initial steps taken for the attachment-levy, but before the completion of the levy and the consequent establishment of the attachment-lien thereunder. The appellant, the plaintiff in the lower court, had caused an at-

tachment to be isued, and had attempted to levy the same upon the cattle of the O I L brand belonging to the defendant. Our statute (Laws 1889, act No. 20, sec. 9, subd. 3) providing that a levy upon range cattle may be made by the officer without going upon the range, says: ''Such levy shall be made in the presence of two or more credible persons and notice thereof shall be given in writing to the owner, or his herder, or his agent, if residing in the county and known to the officer making the levy, and a copy of such notice, attached to a copy of the writ, shall be filed by the officer with the county recorder of the county wherein the levy is made.'' In this case the sheriff made the levy in his office, indorsed the return of the levy upon the back of the writ, and filed the writ and his return thereon with the county recorder, but did not serve at that time any notice of such levy upon the owner, or his herder or agent, nor file any copy of such notice with the recorder, as required by the statute. Four days afterwards the attachment-debtor executed a chattel mortgage upon this property to the intervener, who at once placed the same of record, and thereby established and perfected his lien under the mortgage upon the property. After the execution and record of the mortgage, and on the same day, the sheriff served upon the owner the notice of the levy of the attachment, in pursuance of the requirement of the statute, but did not file a copy of said notice with the county recorder, as was further required, and had not, up to the time of the trial in the district court, filed a copy of such notice, attached to a copy of the writ, with the recorder. Upon the trial of the case the district court held that the acts of the officer constituted a good and valid levy of the attachement, and that the lien established by the levy under the said writ was prior to the lien under the chattel mortgage of the intervener, and valid as against such chattel mortgage. The case was carried on appeal to this court, and on June 11, 1898, the judgment of the lower court, was reversed, and the case was remanded for a new trial. *Steinfeld* v. *Menager, ante,* p. 141, 53 Pac. 495. After the case was reversed in this court, and remanded for a new trial, the counsel for the appellant herein filed with the recorder on November 18, 1898, a paper purporting to be a copy of the notice that had been served on March 24, 1897, upon the owner of the cattle. This case was again tried in the district court, and the judg-

ment of that court, rendered in accordance with the decision of this court, held that "the attempted levy of the writ of attachment created no lien, that the chattel mortgage of the intervener was a good and valid lien on said cattle, and prior to said attachment." From the judgment the plaintiff has appealed to this court.

It is not necessary to consider whether, in the absence of any adverse lien established *ad interim*, it would be possible to perfect a levy by filing at this late date a paper the filing of which was a necessary prerequisite to the establishment of a lien thereunder, for this paper was filed more than a year after the chattel mortgage of the intervener, and would therefore not affect the validity of the lien that had been established by the execution and filing of that instrument, even though it might have been considered a compliance with the statute, if it had been filed before any such adverse lien had been acquired. The issue presented to the court was the *status* of the property on March 24, 1897, when the chattel mortgage was placed of record. The district court held that at that time no sufficient levy of the attachment had been effected to create a lien, and therefore the lien of the chattel mortgage attached, and secured priority. In harmony with this view are *Graham* v. *Reno,* 5 Colo. App. 330, 38 Pac. 835; Wade on Attachments, par. 126; *Maskell* v. *Barker,* 99 Cal. 642, 34 Pac. 340; *Robertson* v. *Hoge,* 83 Va. 124, 1 S. E. 669; *Main* v. *Tappener,* 43 Cal. 206; *Sharp* v. *Baird,* 43 Cal. 573; *Arms* v. *Burt,* 1 Vt. *303, 18 Am. Dec. 680; *Repine* v. *McPherson,* 2 Kan. 340; *Thompson* v. *White,* 26 Colo. 226, 54 Pac. 718. These authorities very clearly sustain the position that there must be a strict compliance with the statutory provision to make the levy valid, and a lien upon the property; that an attachment lien does not become valid and effective and enforceable until the attachment writ is properly and completely served. The question presented on this appeal is the same that was presented on the former appeal in this case, and we cannot do better than adopt that language of this court in *Snyder* v. *Pima County, ante,* p. 41, 53 Pac. 6: "We are satisfied with the former judgment of this court upon the question presented, and see no reason for disturbing it. But even though we should now be convinced that this court had made a mistake in its former judgment, . . . yet that judgment is the law

of this case. Its consideration is more that *stare decisis.* It becomes *res adjudicata.* While this court may reserve to itself the right to reverse that decision as it may be applied to another case, yet it is well settled that a judgment of an appellate court in a case becomes the law of that particular case, and is not subject to review thereafter on second appeal. *Bradley* v. *Norris,* 67 Minn. 48, 69 N. W. 624; *Pierce* v. *Underwood,* 112 Mich. 186, 70 N. W. 419; *Commissioners* v. *Bonebreak,* 146 Ind. 311, 45 N. E. 470; *Krantz* v. *Railway Co.,* 13 Utah, 1, 43 Pac. 624; *Bank* v. *Lewis,* 13 Utah, 507, 45 Pac. 890; *Isert* v. *Davis,* 18 Ky. Law Rep. 510, 37 S. W. 151. The supreme court of the United States in *Stewart* v. *Salamon,* 97 U. S. 361, settles the law for us in the following language: 'An appeal will not be entertained by this court from a decree entered in the circuit or other inferior court in exact accordance with our mandate on a previous appeal. Such a decree, when entered, is in effect our decree, and the appeal would be from ourselves to ourselves.' In this case the district court determined the case in accordance with the judgment and decree of this court. To now reverse the judgment of that court by changing a rule laid down by this court for its guidance would be to condemn the action of the judge for doing that which this court had directed to be done.'' The judgment of the district court is affirmed.

Street, C. J., and Sloan, J., concur.