387 P.2d 1016

**E. J. O'MALLEY, Appellant,**

**v.**

**UNITED PRODUCERS & CONSUMERS COOPERATIVE, INC., Appellee.**

**No. 7558.**

Supreme Court of Arizona,

In Division.

Dec. 18, 1963.

Cox & Cox, Phoenix, for appellant.

Forquer & Wolfe, Phoenix, for appellee.

UDALL, Vice Chief Justice.

Plaintiff, E. J. O'Malley instituted a replevin action in the Superior Court of Pinal County, seeking to recover possession of a John Deere cotton picking machine, allegedly wrongfully converted by defendants. At the close of the trial on September 28, 1961, the court granted judgment for defendant and plaintiff appeals the denial of his motion for a new trial.

The facts essential to our decision are these. Defendant was a creditor of one Tom Nasser who held title to the machine in question as of September 11, 1959. On that date Nasser transferred the machine to Bonheure Farms, Inc., an Arizona corporation formed to take over his business and refinance his farming operation. Bonheure then mortgaged the cotton picker and other equipment to Producers Cotton Oil Company of Arizona which, on December 12, 1960, assigned the mortgage to plaintiff. Nasser himself had signed the mortgage in his capacity as a vice president of Bonheure.

On May 10, 1960, defendant recovered a judgment against Nasser who apparently, although the record is obscure on this point, retained possession of the cotton picker.

A writ of execution was issued and levy made by the Pinal County Sheriff on October 8. Counsel for Producers Cotton Oil Company immediately wrote a letter advising defendant of Producers' mortgage and the mortgage was first recorded in Pinal County a few days later. Notwithstanding the letter and the recordation, defendant purchased the cotton picker at execution sale whereupon plaintiff commenced this lawsuit.

On the day of the trial Bonheure Farms, Inc., by its president, Felix Basabe, assigned plaintiff all its right, title and interest in the machine. This assignment was admitted into evidence at the trial.

The controlling principles of law involved in this case are simple and fundamental. Plaintiff's claim must rest upon one of two possible theories, *viz.*, that he took title by virtue of the assignment of interest from Bonheure or, that the mortgage expressly gives him the right to possession whenever he deems his security "inadequate or in danger of being impaired." We think the first of these theories is sufficient.

 There is no dispute that the September 11, 1959 transfer of the property was bona fide and passed title to Bonheure Farms. The subsequent levy on the cotton picker, as the property of Nasser, was thus void. A.R.S. § 12–1559; Menager v. Farrell, 6 Ariz. 316, 57 P. 607. It is well-established, of course, that the plaintiff in

replevin must recover on the strength of his own right to possession rather than the weakness of defendant's claim. Valley Chevrolet Co. v. O. S. Stapley Co., 50 Ariz. 417, 72 P.2d 945 (1937); Valley Nat. Bank of Phoenix v. Siebrand, 74 Ariz. 54, 243 P. 2d 771 (1952). O'Malley, therefore, could not set up Bonheure's title as the basis for his action. But he does not attempt to do this. Bonheure no longer has an interest in the property. As assignee of the mortgagor's rights plaintiff himself now owns the cotton picker free of all encumbrances.

 A different rule might prevail if defendant could be considered an innocent purchaser for value. In that situation, Bonheure, as well as its successors in interest, having left Nasser in possession, would be estopped from denying his power to pass good title to strangers. Fahlbusch v. Consumers Discount Corp., 159 Misc. 568, 288 N.Y.S. 511 (1936); Keegan v. Lenzie, 171 Or. 194, 135 P.2d 717 (1943); McKinney v. Croan, 144 Tex. 9, 188 S.W. 2d 144 (1945). But far from being innocent, defendant had received a letter telling it in clear terms that it had levied on a cotton picker owned by Bonheure and mortgaged to Producers. The "innocence" which supports a plea of estoppel is an ignorance of such facts as would "lead an ordinarily prudent man, using ordinary caution, to make further inquiries * * *." Dunne v. Petterman, 52 N.M. 284, 197 P.

2d 618 (1948). In choosing to ignore the facts revealed by Producers' letter, United acted with singular imprudence and placed itself on equal footing with Bonheure. Our decision thus turns on the basic proposition that Bonheure owned the machine at the time of the execution sale. Plaintiff took title by a proper transfer of interest and is entitled to possession.

██ Defendant strongly contends that the case was tried on the theory that plaintiff was entitled to the property by the terms of the mortgage, and a different theory cannot be urged on appeal. As we have pointed out, the assignment from Bonheure to plaintiff was admitted in evidence below. This instrument could have no relevance except as it established title in plaintiff and gave him the right to possession. When it was offered, defendant objected only on the ground that no proper foundation had been laid. Once the discrepancy was cured, the assignment was again offered and was admitted without objection. The issues of title and the corresponding rights were thus tried by implied consent of the parties, Leigh v. Swartz, 74 Ariz. 108, 245 P.2d 262 (1952), and will be treated as if raised in the pleadings. R.Civ.P. 15(b), 16 A.R.S.

██ In the prayer for relief, plaintiff sought possession, $2,000 in actual damages and $5,000 in punitive damages. We hold he is entitled to possession. Nothing in the record, however, would justify an award

of punitive damages. The judgment is therefore reversed and remanded to the trial court with directions to make further findings, in accordance with A.R.S. § 12–1310, on the value of the property and the actual damages for its detention. Having tried the case to conclusion, the plaintiff is not entitled to present further evidence on these matters and the findings must rest on the present record.

Reversed and remanded with directions.

STRUCKMEYER and JENNINGS, JJ., concur.