422 P.2d 392

**Bernis I. ZOELLNER, Appellant,**

v.

**Joseph ZOELLNER, III, Appellee.**

**No. 1 CA–CIV 190.**

Court of Appeals of Arizona.

Jan. 17, 1967.

Forquer, Wolfe & Rosen, by Sidney B. Wolfe, Phoenix, for appellant, Allen L. Feinstein, Phoenix, of counsel.

Lufty & Brennan, by Richard R. Brennan, Phoenix, for appellee.

CAMERON, Chief Judge.

This is an attempted appeal from a decision of the Maricopa County Superior Court. Although the issue was not raised by the parties, we are called upon to determine whether a timely appeal has been filed which would give this Court jurisdiction to hear the matter:

"It is well established that the Arizona Supreme Court and the Court of Appeals will each undertake to examine into its jurisdiction even the absence of the issue being raised by the parties [citations omitted]." Howard P. Foley Co. v. Harris, 4 Ariz.App. 294, 419 P.2d 735, 736 (1966).

The pertinent dates in determining this matter are as follows:

| | |
|---|---|
| 21 December 1964 | formal written judgment filed |
| 31 December 1964 | motion for new trial filed |
| 20 January 1965 | motion for new trial denied by minute entry order . |
| 10 March 1965 | notice of appeal filed |

 The notice of appeal was filed more than 60 days after the entry of the formal written judgment, but less than 60 days after the minute entry order of 20 January 1965. An appeal must be taken "by notice filed" within 60 days from the "entry of the judgment or order appealed from". Rule 73(b) (1), Rules of Civil Procedure, 16 A.R.S., but a minute entry denying an order for new trial is not an appealable order or judgment absent a written order signed by the judge and filed with the Clerk of the Court. Section 12–2101 A.R.S. and Rules 54(a) and 58(a), Rules of Civil Procedure, 16 A.R.S. The appeal is therefore premature. Howard P. Foley Co. v. Harris, supra, City of Tucson v. Wondergem, 4 Ariz.App. 291, 419 P.2d 552 (1966), and State v. Birmingham, 96 Ariz. 109, 392 P.2d 775 (1964). The appeal being premature, we lack jurisdiction to consider it.

Appellant contends that the Rules of Civil Procedure provide that the time for appeal is extended by a timely motion for new trial. Appellant cites:

"* * * *

2. The time for appeal is extended by a timely motion made pursuant to any of the Rules hereinafter enumerated, and the full time for appeal fixed in this subdivision commences to run and is to be computed from the entry of any of the following orders made upon timely motion under such Rules:

* * * * * *

"(iv) Denying a motion for a new trial under Rule 59." Rule 73(b), Rules of Civil Procedure, 16 A.R.S.

While we will agree that once an order denying a timely motion for new trial has been reduced to writing that the time for appeal commences to run from the date of the filing of the written order denying the motion for new trial, we do not agree that the motion itself without the written order can operate to extend indefinitely the time within which a party may file his notice of appeal based upon the judgment on the merits.

The problems in this case are an example of the mischief that can be and is caused by the failure of the Rules of Civil Procedure to provide an exception to the requirement that to be appealable the order must be reduced to written form.

The issuance of the mandate in this matter will constitute an order dismissing the appeal without prejudice.

DONOFRIO and STEVENS, JJ., concur.