708 P.2d 773

**GENERAL DYNAMICS CORPORATION,**
a Delaware corporation, and ITL, Inc.,
a Connecticut corporation, Plaintiffs/Appellants,

v.

**ZANTOP INTERNATIONAL AIRLINES,**
a Michigan corporation, and United Air
Leasing, an Oklahoma corporation, Defendants/Appellees,

and

British Aviation Insurance Corporation,
a foreign corporation,
Intervenor-Plaintiff/Appellee.

**BRITISH AVIATION INSURANCE
CORPORATION, a foreign
corporation, Intervenor-Plaintiff/Appellee,**

v.

**ZANTOP INTERNATIONAL AIRLINES,**
a Michigan corporation, and United Air
Leasing, an Oklahoma corporation, Defendants/Appellants.

No. 2 CA–CIV 5288.

Court of Appeals of Arizona,
Division 2, Department A.

July 10, 1985.

Rehearing Denied Aug. 23, 1985.

Review Denied Nov. 5, 1985.

Molloy, Jones, Donahue, Trachta, Childers & Mallamo, P.C. by Mark S. Sifferman,

Phoenix, for ITL, Inc., and General Dynamics Corp.

O'Connor, Cavanagh, Anderson, Westover, Killingsworth & Beshears, P.C. by Larry L. Smith and M.E. Rake, Jr., Phoenix, for Zantop & United Air Leasing.

Martori, Meyer, Hendricks & Victor, P.A. by Larry A. Hammond and Donald M. Peters, Phoenix, for British Aviation Ins. Co.

## OPINION

BIRDSALL, Presiding Judge.

This appeal is over the right of an insurer, The British Aviation Insurance Company, Ltd. (BAIC) to recover the amount it paid for damage to a DC–8 at Marana Air Park in Pinal County on March 13, 1980. BAIC paid $75,979 to its insured, FBA Aircraft, S.A. (FBA). The claim of BAIC is opposed by the appellants ITL, Inc. (ITL), the conditional seller of the DC–8, which still had title to the plane, and General Dynamics Corporation, which claimed a lien on the plane because of a sheriff's levy. The execution giving rise to the levy was a result of a judgment in Pima County against Frederick B. Ayer, who at one time had title to the DC–8. The conditional purchaser of the plane, FBA, is not a party to this appeal, having been defaulted in the superior court. The negligent tortfeasors, Zantop International Airlines and United Air Leasing, also appeal the judgment against Zantop and in favor of BAIC, although there is no dispute about the negligence of Zantop causing the damage.

The trial court made findings of fact and conclusions of law pursuant to Rule 52(a), Rules of Civil Procedure, 16 A.R.S.

We will consider first the issues presented by ITL.

■ It first contends that since it owned the DC–8 subject only to whatever rights FBA acquired as the conditional purchaser, it is entitled to recover for the damage. To reach this conclusion it argues that: 1) it, not FBA, had possession of the aircraft; 2) it had not sold the aircraft, but had only "agreed to sell it." It also raises

other issues which we need not decide in view of our disposition of this appeal. ITL contends that certain contrary facts found by the trial court are clearly erroneous. We agree. The findings of the trial court are based entirely on documentary evidence. Therefore we may make an independent decision on the fact and question of possession. *Perry Brothers v. Weinberg*, 105 Ariz. 406, 466 P.2d 11 (1970); *DeSantis v. Dixon*, 72 Ariz. 345, 236 P.2d 38 (1951). But see *Anderson v. City of Bessemer City, North Carolina,* —— U.S. ——, 105 S.Ct. 1504, 84 L.Ed.2d 518 (1985) (interpreting Fed.R.Civ.Pro.). We believe *Perry* and *DeSantis* represent the rule in Arizona. The findings that FBA, the conditional purchaser, had the right to possession and the actual possession of the aircraft are not supported by the documentary evidence. They are clearly erroneous.

The conditional sales contract retained title, ownership, *and possession* in ITL. The stated purpose for this provision was to give ITL security for the payment of the sums due from FBA. In addition to the sales agreement, a custodial agreement signed by FBA and Evergreen Air Center, where the aircraft was kept at the time of the accident, provided that Evergreen was to retain custody of the aircraft for ITL. No evidence shows that possession was ever transferred to FBA.

■ The question of possession is critical because in a sale of personal property the risk of loss or damage passes to a buyer only when he receives the property. A.R.S. § 47–2509(C). We believe the conditional purchaser has a right of action for damage to the property only when he has possession. See Annot. 67 A.L.R.2d 582 (1959); *Cosgriff Neon Co. v. Mattheus*, 78 Nev. 281, 371 P.2d 819 (1962); *Pickwick Stages Corp. v. Gil*, 38 Ariz. 7, 296 P. 269 (1931).

■ This is not an action by ITL to recover the insurance proceeds. This is an action by the insurer to recover from the tortfeasor on a theory of subrogation. The right of ITL, the owner and possessor of the aircraft, is superior to any claim of BAIC, even assuming, arguendo, that

BAIC has any lawful claim. We also note that the obvious reason ITL is pursuing this matter is because the aircraft was not repaired. A provision in the sales agreement permitted insurance proceeds for a partial loss to be paid directly to FBA to reimburse it for expenses incurred in the necessary repair of damages. BAIC made payment to FBA without first requiring the repairs to be made. Actually the evidence reveals that no payment was made, BAIC credited FBA's account balance arising from unpaid insurance premiums. If the aircraft had been repaired, this dispute would not have arisen because ITL would have no damage. FBA, through BAIC, would have performed its obligation to repair the aircraft and BAIC might then be entitled to subrogation. However, the aircraft was not repaired and we find that ITL was the only party entitled to recover from Zantop. The damage having been determined in the amount of $75,979, the judgment in favor of BAIC must be reversed and judgment entered in favor of ITL.

■ Turning next to the General Dynamics appeal, we first set forth the pertinent facts. A year before the Zantop incident General Dynamics secured a judgment against Frederick B. Ayer in Pima County Superior Court on July 6, 1979. At its direction the Pinal County sheriff levied on the DC–8 that day. At that time the records of the Federal Aviation Administration (F.A.A.) showed Ayer as the registered owner of the plane. However, prior to the levy, and even prior to the judgment, Ayer had transferred the title to the plane to FBA and on June 7, 1979, FBA had transferred the title to ITL. These two transfers had not been recorded with the F.A.A. General Dynamics argues that a provision of the Federal Aviation Act controls and because General Dynamics' levy was made when the records still showed Ayer had title, the unrecorded transfers are ineffective as to it. We disagree.

General Dynamics was only a judgment creditor. It was not an innocent purchaser or lender for value. Our supreme court addressed this same question without the federal involvement in *O'Malley v. United Producers & Consumers Cooperative, Inc.*, 95 Ariz. 134, 387 P.2d 1016 (1963). There it held that a judgment creditor could not, by levy, acquire an interest in a cotton picker already transferred by the judgment debtor. No one contends that the transfers in the instant case were fraudulent. That was not at issue at trial nor is there such an issue on appeal.

General Dynamics relies principally on a decision of the United States Supreme Court, *Philko Aviation, Inc. v. Shacket*, 462 U.S. 406, 103 S.Ct. 2476, 76 L.Ed.2d 678 (1983). The decision is clearly inapposite. Insofar as it is relevant here it is consonant with *O'Malley*, supra, holding that aircraft transfers must be recorded with the F.A.A. before the rights of *innocent third parties* can be affected. Thus, assuming arguendo, that a judgment creditor with a valid levy can even sue the party negligently damaging the property, General Dynamics had no valid levy.

We next consider the appeal of Zantop and United Air Leasing. We first note that no judgment was entered against United Air Leasing and it is not aggrieved and has no right to appeal.

Zantop presents two issues which we must decide: 1) Did the two-year statute of limitation bar BAIC's claim because BAIC did not intervene until more than two years after the incident? In view of our disposition of this appeal, we need not answer this question. 2) Should pre-judgment interest have been awarded?

■ The trial court allowed interest on the judgment from the date of the collision. BAIC agreed that was wrong, but contends it should still be from the date it paid the insurance claim. Assuming, arguendo, that interest should run from the date of that payment if we affirmed the judgment in favor of BAIC, we do not believe ITL is entitled to interest from that time. On BAIC's subrogation claim, the amount may have been considered liquidated, but that is not true of ITL's damage claim. The amount of damage was disputed. The only

testimonial evidence went to the amount of damage. The trial court found the damage, the reasonable cost of repair, was $75,979. There was evidence to support that finding and we are bound by it. However, it was not liquidated, even though it was coincidentally the same amount paid by BAIC. The judgment must be modified to provide for interest only from the date of the judgment, May 21, 1984.

Affirmed in part. Reversed in part and remanded with directions.

HOWARD and FERNANDEZ, JJ., concur.